## Robbs Express Company, Appellee, v. Nickolas Ferkel, Appellant.

### Gen. No. 6,277.    (Not to be reported in full.)

Appeal from the County Court of Rock Island county; the Hon. NELS A. LARSON, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916.

### Statement of the Case.

Action in assumpsit by Robbs Express Company, plaintiff, against Nickolas Ferkel, defendant. From a judgment for plaintiff, defendant appeals.

The action was brought to recover certain collections alleged to have been made by the defendant for work done under the following contract:

"July 1, 1910.

"AGREEMENT entered into this day between Robbs Express Company and Nick Ferkel, whereby the Robbs Express Company have agreed to employ Nick Ferkel as teamster on the basis of Twenty-one Dollars per week, he to furnish his own team and harness and it is understood he is to do what hauling we have to and from the Rock Island Arsenal exclusively. Where it is impossible to do the work with one team we will furnish the help on days when shipments are too heavy. This contract to go into effect July 1, 1910, and run until July 1, 1911.

"Signed Robbs' Express Co.

Per F. W. DaFoe, Sec'y.

"Accepted

Nick Ferkel."

The defendant contended that this written contract related only to the hauling which the plaintiff had contracted to do for the Government, of Government owned materials and supplies, and testified that on the day on which this written agreement was entered into, and before its final execution, he made a verbal addi-

tional and distinct agreement with E. F. Lewis, the president of the express company, concerning other than Government owned stuff to be hauled to and from the arsenal by him, for the express company, by which the parties were to share equally in the profits of such work, and that in his judgment the written contract was signed after the verbal understanding mentioned.

The defendant pleaded the general issue and filed a notice of set-off, claiming one-half of the collections made by the plaintiff for work claimed to have been done under the alleged verbal agreement.

JOSEPH L. HAAS and HARRY McCASKRIN, for appellant.

WILLIAM McENIRY, for appellee.

MR. PRESIDING JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. .EVIDENCE, § 322*—*when parol evidence inadmissible.* A written contract unambiguous in its terms cannot be varied, contradicted or modified by parol evidence of anything that occurred at or prior to the time when such contract was executed.

2. CONTRACTS, § 256*—*when oral agreement merged in written contract.* In an action to recover collections made by the defendant for hauling done by him under a written contract with the plaintiff, such contract by its terms covering all hauling to and from a certain place, *held* that an oral agreement, alleged by the defendant to have been entered into by the parties prior to the execution of the written contract, whereby it was claimed to have been agreed that the material to be hauled from such place under the written contract should include only that owned by a certain party, was, if made, merged in the written contract, and collections made by the plaintiff for hauling claimed to have been done thereunder could not be set off in such action.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.